**SUNBEAM CORPORATION, a corporation, Plaintiff,**

v.

**SUNBEAM FURNITURE CORP., a corporation; Expert Lamp Company, a corporation; Arthur M. Luster and Frieda Luster, individuals, doing business under the styles of Sunbeam Products Company, Sunbeam Lamp Co., and Sunbeam Furniture Co., Defendants.**

**No. 51 C 219.**

United States District Court
N. D. Illinois, E. D.

Feb. 11, 1955.

As Modified March 17, 1955.

Woodson, Pattishall & Garner, John F. McCanna, George R. Clark, Chicago, Ill., for plaintiff.

Max Richard Kraus, Robert L. Kahn, Warren C. Horton, Chicago, Ill., for defendant.

KNOCH, District Judge.

This is an action brought under the Trade-Mark Laws of the United States by virtue of plaintiff's Federal registrations of its trade-mark. Plaintiff seeks injunctive and other relief on the ground of infringement of trade-mark and unfair competition.

The defendants deny infringement.

The case came on for hearing before this Court on the pleadings and the evidence, consisting of oral testimony and documentary proofs.

Witnesses were called by the respective parties and their testimony transcribed in the record.

The Court has had the benefit of argument by counsel upon briefs.

The Court has reviewed the record and briefs of counsel, has weighed carefully the arguments presented, and has considered the authorities advanced by respective counsel in support of their respective claims.

Upon a consideration of the whole case, the Court makes the following:

### Findings of Fact

1. Plaintiff, Sunbeam Corporation, is an Illinois corporation, with its principal office and place of business in Chicago, Illinois.

2. Defendant, Sunbeam Furniture Corp., is an Illinois corporation doing business at, and with its principal offices at, 3300 South Indiana Avenue, Chicago, Illinois, and is a resident and an inhabitant of the Northern District of Illinois, Eastern Division.

3. Defendant, Expert Lamp Company, is an Illinois corporation doing business at, and with its principal offices at, 3300 South Indiana Avenue, Chicago, Illinois, and is a resident and an inhabitant of the Northern District of Illinois, Eastern Division.

4. Defendants, Arthur M. Luster and Frieda Luster, are doing business at 3300 South Indiana Avenue, Chicago, Illinois, as co-partners under the business styles of Sunbeam Products Company, Sunbeam Lamp Co., and Sunbeam Furniture Sales Co., and said defendants

**616**

are residents and inhabitants of the Northern District of Illinois, Eastern Division.

5. The amount in controversy herein is in excess of $3,000 exclusive of interest and costs.

6. Plaintiff has registered its trade-mark "Sunbeam", in form as shown in plaintiff's exhibits B–1 to B–15, in the United States Patent Office for a large variety of products; among such registrations are the following:

| No. | Reg. Date | Description of Goods |
|---|---|---|
| 145,335 | August 2, 1921 (Renewed August 2, 1941) | Electric flatirons. |
| 267,557 | February 25, 1930 | Electric percolators and electric lighters for pipes, cigars and cigarettes. |
| 280,756 | February 24, 1931 | Electric food mixers, electric waffle irons, and electric clocks. |
| 318,056 | October 16, 1934 | Electrically operated devices consisting of room and space heaters, desk fans, scissors, coffee makers, cigarette lighters, drink mixers, potato peelers, vegetable slicers and shredders, can openers, knife sharpeners, food choppers and meat grinders, ice cream freezer drive units, silver polishers and buffers, juice extractors and coffee grinders. |
| 370,742 | September 5, 1939 | Electric dry shavers and parts thereof. |
| 390,181 | September 9, 1941 | Electric flatirons, electric toaster grills, electric toaster and table stoves, electric heating pads, portage electric radiant heaters, electric percolators, electric lighters for pipes, cigars and cigarettes, electric coffee makers, electric food mixers, electric waffle irons, electrically operated room and space heaters, desk fans and scissors, electrically operated attachments for food mixers comprising drink mixers, potato peelers, vegetable slicers and shredders, can openers, knife sharpeners, food choppers and meat grinders, ice cream freezer drive units, silver polishers and buffers, juice extractors and coffee grinders, electrically operated attachments for food mixers comprising colanders, pea shellers, bean slicers and butter churns, electric cord sets and plugs. |
| 418,993 | January 15, 1946 | Industrial furnaces for heat treating, hardening, carburizing, annealing and tempering metals. |

Said registrations are valid and subsisting, uncancelled and unrevoked, and are the property of plaintiff.

7. Each of plaintiff's said trade-mark registrations was registered or has been renewed or republished to bring it within the protection of the United States trade-mark Act of 1946 as amended, 15 U.S.C.A § 1051 et seq.

8. Although said trade-mark registrations recite a number of specific products to which the particular trade-mark

has been applied, the manufacture and sale of some of such products has been terminated by plaintiff or has been in such quantities or relating to such goods as to be of little significance in this case.

9. Since 1912, plaintiff has been continuously engaged in the manufacture and sale of household electrical goods.

10. No products of plaintiff have used or use electricity as a source of power for illumination. All electrical products made by plaintiff have used electricity as a source of power either for heating or for driving a motor.

11. Plaintiff owns and operates a large manufacturing establishment in Chicago, Illinois, where said products are produced. Plaintiff's business is national and international in scope and plaintiff owns and operates subsidiary manufacturing plants in Toronto, Canada and Sydney, Australia, which are also engaged in the manufacture of various household electrical goods. Plaintiff has dealers and distributors in all states of the United States and in many foreign countries, through which its household electrical goods are sold and distributed.

12. Plaintiff has never made nor has it any present intention to make decorative or household illuminating lamps.

13. In the year 1921, plaintiff adopted and used and now uses on its household electrical products, the trade-mark "Sunbeam," in form as shown in plaintiff's exhibits B–1 to B–15. Since 1921, said use of the trade-mark "Sunbeam" has been continuous and without interruption throughout the United States and in many foreign countries.

14. The annual volume of business done by plaintiff under its trade-mark, "Sunbeam," as described above, amounts to several millions of dollars.

15. Plaintiff spends, and has for many years spent, large sums of money in advertising its household electrical products sold under its trade-mark "Sunbeam," as described above.

16. Plaintiff's trade-mark "Sunbeam" means and has meant, for some years prior to defendant's use, to the trade and public, when applied to household electrical goods, the products of the plaintiff.

17. As a result of plaintiff's large and extensive and long continued sales of household electrical products sold under its trade-mark "Sunbeam", and because of the long continued and extensive advertising of plaintiff's products featuring the trade-mark "Sunbeam," said trade-mark has become well known and impressed upon the mind of the trade and public as identifying plaintiff's products as well as indicating origin with the plaintiff and has become distinctive of plaintiff and its products and has acquired a secondary meaning indicating plaintiff and its products.

18. Plaintiff has built up and now has a valuable good will in its trade-mark "Sunbeam."

19. After the adoption and use by plaintiff of its trade-mark "Sunbeam" for household electrical goods, and after said trade-mark had acquired a distinctiveness with the trade and public as indicating plaintiff's household electrical goods the defendants began the distribution and sale of household electrical goods, principally electric lamps bearing the name "Sunbeam."

20. After the adoption and use by plaintiff of its trade-mark "Sunbeam" for household electrical goods and after said trade-mark had acquired a distinctiveness with the trade and public as indicating plaintiff and plaintiff only in connection with household electrical goods, the defendants began the distribution and sale of household electrical goods, principally household electrical lamps, and used the name "Sunbeam" in their corporate names and business styles, to-wit: Sunbeam Products Company, Sunbeam Furniture Corp., Sunbeam Lamp Co., and Sunbeam Furniture Sales Co.

21. Defendants adopted and began the use of the name "Sunbeam" with full

knowledge of plaintiff's prior and extensive use of its trade-mark, and with full knowledge of its registrations of said trade-mark in the United States Patent Office, and with full knowledge that the trade and public associate the trade-mark "Sunbeam," when applied to or used in connection with household electrical goods, with plaintiff and plaintiff's products.

22. Defendants' use of "Sunbeam" as a part of certain of their trade names, corporate names, and business styles, to-wit: Sunbeam Products Company, and Sunbeam Lamp Co., is likely to cause confusion or mistake, and to deceive purchasers as to the source of origin of defendants' goods, in that the trade and public are likely to attribute the goods of defendants as originating with plaintiff or with a concern connected with plaintiff.

23. Defendants' use of "Sunbeam" is without the consent of plaintiff.

24. Plaintiff has requested the defendants to discontinue use of "Sunbeam," but defendants have refused and have continued to use "Sunbeam."

25. All lamps which have been sold by defendants which bear the word "Sunbeam," also bear in clearly legible type the words, "Manufactured By Expert Lamp Company," however these latter words are in smaller, less attractive type than the word "Sunbeam".

26. No evidence was introduced which proved that plaintiff had actually suffered any damage because of defendants' use of the word "Sunbeam" as a trade-mark on lamps.

## Conclusions of Law

■ 1. Defendants' use of "Sunbeam" as a trade-mark and as a part of certain of their business styles and corporate names, to-wit: Sunbeam Products Company, and Sunbeam Lamp Co., in connection with the manufacture, advertising and sale of household electrical products infringes plaintiff's registrations of its trade-mark "Sunbeam".

■ 2. Defendants' use of "Sunbeam" as a trade-mark and as a part of certain of their business styles and corporate names, to-wit: Sunbeam Products Company, and Sunbeam Lamp Co., in connection with the manufacture, sale, and advertising of household electrical products constitutes unfair competition with plaintiff.

3. Defendants' use of "Sunbeam" in connection with the manufacture, advertising, and sale of household electrical products is likely to mislead the trade and public into believing that defendants are in some way legitimately connected with plaintiff.

4. Plaintiff's registrations of its trade-mark "Sunbeam" are good and valid in law and are owned by plaintiff.

5. Plaintiff's trade-mark "Sunbeam" has acquired a secondary meaning in the household electrical field indicating plaintiff and its products.

■ 6. Defendants' use of the word "Sunbeam" as a trade-mark and as part of certain of their business styles and corporate names, to-wit: Sunbeam Products Company and Sunbeam Lamp Co., in connection with the manufacture, sale, and advertising of household electrical products is likely to result in passing off, in the trade, of defendants' products as and for products of plaintiff or of a concern legitimately connected with plaintiff.

7. Plaintiff is entitled to a judgment restraining the defendants, their agents, servants, employees, privies, successors, or assigns, and all holding by, through, or under them from:

(a) Using the word "Sunbeam" or any reproduction, counterfeit, copy or colorable imitation thereof, as a brand name or trade-mark for household electrical goods.

(b) Using the word "Sunbeam" or any reproduction, counterfeit, copy or colorable imitation thereof, in certain of their corporate names or business styles, to-wit: Sunbeam Products Company and Sunbeam Lamp Co., in connection with

the production or sale or distribution of household electrical goods.

(c) Engaging in the sale or distribution of any household electrical merchandise bearing the trade-mark "Sunbeam" or any reproduction, counterfeit, copy or colorable imitation thereof.

(d) Doing any act or thing calculated to induce the belief that the defendants, or their merchandise, are in any way connected with the plaintiff or its products.

An order in conformity with these findings and conclusions may be presented.

### On the Motion

This matter came on to be heard on defendants' motions (1) to strike from the record (a) all exhibits and testimony relative to surveys and reaction tests offered in evidence herein, (b) the deposition of Arthur Luster, plaintiff's exhibit No. 127, and (c) the photographic book, plaintiff's exhibit No. 7 and testimony relative thereto; (2) to provide that the injunction ordered in the judgment herein be stayed for a period of 30 days after the date thereof; and (3) to modify the Findings of Fact and Conclusions of Law to limit the injunction ordered herein.

The Court has carefully re-considered the record herein, has had the benefit of argument of counsel orally and upon briefs, and being fully advised in the premises, upon a re-consideration of the whole case has concluded as follows:

1. The objections to the exhibits and testimony relating to the surveys, reaction tests, and the book of photographs relate primarily to the weight rather than to the admissibility of the evidence.

The Court, being fully advised in such matters as the circumstances under which the tests and photographs were taken, having in mind their *ex parte* origin, the dates on which data and photographs were acquired, the authorship and wording of questions asked interviewees and the differences inherent in an interview in the course of a reaction test as contrasted with a purchase by a customer in normal retail operations, etc., has considered all these various elements in assessing the probative value of the testimony and the exhibits.

The deposition was properly admitted under Federal Rules of Civil Procedure No. 26(d) (2), 28 U.S.C.A., and was not subsequently rendered inadmissible by comment in briefs regarding discrepancies.

The defendants' motions to strike certain evidence from the record will be denied.

2. No objection was raised to the requested stay of injunction. Order to that effect will be entered.

3. Upon re-consideration, the Court will modify the Findings of Fact and Conclusions of Law heretofore entered herein.